IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY KIMBLE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 14 C 8240 |
| | ) | |
| v. | ) | Honorable Judge |
| | ) | Robert M. Dow, Jr. |
| COOK COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**NOW COMES**, the Defendants Cook County, Thomas Dart, Sheriff of Cook County, Superintendent Reyes, and Dr. Williamson ("Defendants"), by and through their attorney, ANITA ALVAREZ, State's Attorney of Cook County, through Brian M. Casey, Assistant State's Attorney, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and moves this Honorable Court to dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted. In support of this motion Defendants state the following:

**INTRODUCTION**

*Pro se* Plaintiff Timothy Kimble ("Plaintiff"), a former detainee at Cook County Jail, commenced this action alleging a violation of his Constitutional rights and a state law claim of negligence. (Dkt. 6) After a § 1915A Review, Plaintiff was granted permission to proceed against Defendants. (Dkt. 9) Defendants now advance the legal argument that Plaintiff's complaint fails to state a claim upon which relief can be granted, and that the complaint should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

1

## STATEMENT OF FACTS

The following facts are taken from Plaintiff's Complaint, and are presumed to be true solely for the purposes of this Motion to Dismiss. Plaintiff alleges that on or around October 19, 2013, while housed at the Cook County Jail, he slipped and fell in a puddle of water and was knocked unconscious. (Dkt. 6 at p. 2) Specifically, Plaintiff alleges that this accident was caused by the negligence of Superintendent Reyes. (Dkt. 6 at pp. 2-4) Further, Plaintiff alleges that Dr. Williamson was deliberately indifferent to Plaintiff's medical needs by only treating him with a shot for his pain. (Dkt. At p. 3)

## STANDARD OF REVIEW

In reviewing a motion to dismiss under Rule 12(b)(6), a court takes as true all factual allegations in Plaintiff's complaint and draws all reasonable inferences in his favor. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). To survive a Rule 12(b)(6) motion to dismiss, the claim first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief", Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the claim must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true; "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). The pleading standard in Rule 8 "demands more than an unadorned, the-defendant-

unlawfully-harmed-me accusation." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

While a *pro se* litigant's pleadings are held to a less stringent standard, he must nonetheless act in accordance with court rules. *Easley v. Verizon Wireless*, 2004 U.S. Dist. LEXIS 17105 at *15-16 (N.D. Ill. Aug. 25, 2004) (*citing Downs v. Westphal,* 78 F.3d 1252, 1257 (7th Cir. 1996) ("being a *pro se* litigant does not give a party unbridled license to disregard clearly communicated court orders"); *Jones v. Phipps,* 39 F.3d 158, 163 (7th Cir. 1994) ("*pro se* litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines"). Although courts liberally construe complaints filed by *pro se* defendants, complaints can and do fall short of even that liberal construction. *See, e.g.*, *Yhwhnewbn v. Leak et al.*, 2012 U.S. Dist. LEXIS 104216 at *8 (N.D. Ill. July 26, 2012); *Fallon Fong v. Client Servs. Inc.*, 2012 U.S. Dist. LEXIS 81096 at *4 (N.D. Ill. June 6, 2012); *Chicago Title & Land Trust Co. v. Rabin*, 2012 U.S. Dist. LEXIS 10681 at *8 (N.D. Ill Jan 30, 2012).

## ARGUMENT

### A. DR. WILLIAMSON WAS NOT DELIBERATELY INDIFFERENT TO PLAINTIFF'S MEDICAL NEEDS.

Deliberate indifference in the medical context has both an objective and a subjective element: the inmate must have an objectively serious medical condition, and the correctional officer or health care provider must be subjectively aware of and consciously disregard the medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 829 (7th Cir. 2009). The Constitution is violated only if prison officials are inattentive to an objectively "serious" medical need. *Brownell v. Figel*, 950 F.2d 1285, 1289-92 (7th Cir. 1991). A condition may also be deemed objectively serious if "failure to treat could

3

result in further significant injury or unnecessary and wanton infliction of pain." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). However, not every injury or deprivation will translate into a constitutional liability. *Henderson v. Sheahan*, 196 F.3d 839, 844 (7th Cir. 1999). The official's act or omission must result in the "denial of the minimal civilized measure of life's necessities." *Id*. at 845. The Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee. *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).

Assuming *arguendo* that Plaintiff has established an objectively serious medical condition for his alleged head injury, Plaintiff must also satisfy the subjective component by showing that the Defendants were deliberately indifferent to his medical needs. Ze*ntmyer v. Kendall County*, 220 F.3d 805, 810 (7th Cir. 2000). The Court in *Farmer* analogized deliberate indifference to criminal recklessness. *Farmer*, 511 U.S. at 838. "An act is reckless in the pertinent sense when it reflects complete indifference to risk-when the actor does not care whether the other person lives or dies, despite knowing that there is a significant risk of death." *Archie v. City of Racine*, 847 F.2d 1211, 1219 (7th Cir. 1988)(*en banc*). "[T]he official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Farmer*, 511 U.S. at 837. Mere negligence or even gross negligence does not amount to deliberate indifference. *Archie*, 847 F.2d at 1219. Only a deliberate indifference or worse in the face of a serious medical need will do. *Estelle v. Gamble,* 429 U.S. 97, 103-04 (1976). A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged the inmate's pain. *Id*. at 104-05. Additionally, "an inadvertent failure to provide adequate medical care" or a medical

4

decision not to order an x-ray or other measures at most is medical malpractice, not a Constitutional violation. *Estelle v. Gamble,* 429 U.S. 97, 105 (1976).

The Constitution does not require that prisoners receive unqualified access to health care. *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006). Rather, they are entitled only to "adequate medical care." *Boyce v. Moore*, 314 F.3d 884, 888-89 (7th Cir. 2002). Mere dissatisfaction or disagreement with a doctor's course of treatment is generally insufficient to state a Section 1983 claim. *Johnson*, 433 F.3d at 1013. Inmates are not entitled to receive a specific course of care. *Stevenson,* 2009 U.S. Dist. LEXIS 22945 at \*24. A Plaintiff does not have a constitutional right to be provided with the best treatment available or the treatment of his choosing. *Anderson v. Romero*, 72 F.3d 518, 524 (7th Cir. 1995). Further, non-medical staff can "defer to the judgment of jail health professionals" regarding medical care. *Hayes v. Snyder,* 546 F.3d 516, 527-28 (7th Cir. 2008).

In the present case, Plaintiff's claim is based upon his opinion that a cat-scan or x-ray should have been ordered. (Dkt. 6 at p. 3) However, Plaintiff concedes in his compliant that he was treated by Dr. Williamson. (Dkt. 6 at p. 3) Specifically, Dr. Williamson gave him a shot for pain subsequent to his slip and fall at the jail. (Dkt. 6 at p. 3) Additionally, there was no delay in treating Plaintiff. Paramedics transported him to Cermak hospital immediately following his fall. (Dkt. 6 at p. 3) This demonstrates the fact that Defendants did not exhibit recklessness or a conscious disregard of the Plaintiff's condition. Plaintiff, by his own admission, was treated by Dr. Williamson. Because he is not entitled to planning his own course of treatment, he must rely on the professional medical opinions of the Cermak staff. Therefore, in light of the applicable law, the facts established by Plaintiff are not sufficient to support his claim of deliberate

5

indifference against Dr. Wiliamson or any Defendants and the Court should grant the Defendants' Motion to Dismiss Plaintiff's complaint.

### B. DEFENDANTS ARE IMMUNE FROM PLAINTIFF'S CLAIM OF NEGLIGENCE.

As it relates to Plaintiff's state-law claim, it should be dismissed pursuant to 735 ILCS 5/2-619(a)(9) because the Tort Immunity Act grants Defendants absolute immunity in the instant matter. Accordingly, this Court should grant Defendants' Motion to Dismiss with prejudice.

A defendant may, within the time for pleading, file a motion for dismissal of the action because the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim. 735 ILCS 5/2-619(a)(9). Section 2-619(a)(9) of the Illinois Code of Civil Procedure provides for dismissal of a claim if it is barred by "affirmative matter." *Abruzzo v. City of Park Ridge*, 231 Ill. 2d 324, 331 (2008). Immunity under the Tort Immunity Act is an affirmative matter properly considered in a section 2-619 motion to dismiss. *Id*. Governmental entities bear the burden of establishing immunity under the Tort Immunity Act. *Id*. at 332. In ruling on a section 2-619 motion to dismiss, the court must interpret the pleadings and supporting materials in the light most favorable to the nonmoving party. *Id*.

Once a defendant satisfies the initial burden of going forward on the section 2-619(a)(9) motion to dismiss, the burden then shifts to the plaintiff, who must establish that the defense asserted either is unfounded or requires resolution of an essential element of material fact before it is proven. *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116 (1993). "If, after considering the pleading and affidavits, the trial judge finds that the plaintiff has failed to carry the shifted burden of going forward, the motion may be granted and the cause of action dismissed." *Id*.

A defense to Plaintiff's claims pursuant to the Local Governmental and

6

Governmental Employees Tort Immunity Act ("Tort Immunity Act"), 745 ILCS 10/1-101, *et seq*., is appropriately raised under Section 2-619(a)(2). *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 484 (1994). Under the Tort Immunity Act, "a local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party. 745 ILCS 10/2-102. More importantly, as is the case in the present matter, "[n]either a local public entity nor a public employee is liable for failure to provide a jail, detention or correctional facility, or if such facility is provided, for failure to provide sufficient equipment, personnel, supervision or facilities therein." 745 ILCS 10/4-103. Governmental entities bear the burden of establishing immunity under the Tort Immunity Act. *Abruzzo*, 231 Ill. 2d at 332.

The term "local public entity," as used in the Tort Immunity Act, is "broadly defined." *Boyles v. Greater Peoria Mass Transit District*, 113 Ill. 2d 545, 553, 101 Ill. Dec. 847, 499 N.E.2d 435 (1986). The Cook County Sheriff has been expressly defined as "a local public entity' for purposes of the Tort Immunity Act." *Carver v. Sheriff of LaSalle Co.*, 203 Ill. 2d 497, 512 (2003). Therefore, Thomas J. Dart, the Sheriff of Cook County, is subject to the protection of the Tort Immunity Act.

The Tort Immunity Act adopted the general principle that local governmental units are liable in tort but liability is limited in the Act by certain immunities based on specific governmental functions. *Governmental Interinsurance Exch. v. Judge*, 221 Ill. 2d 195, 215 (2006); citing *Barnett v. Zion Park District*, 171 Ill. 2d 378, 385-86 (1996). Thus, the Tort Immunity Act adopts the common law duty of a local governmental unit to "exercise ordinary care to maintain its property in a reasonably safe condition." *Governmental Interinsurance*

7

*Exch.*, 221 Ill. 2d at 215. However, the Act delineates immunities and defenses in subsequent sections, such as Section 4-103. *Id.*

In fact, in *Jefferson v. Sheahan*, 279 Ill. App. 3d 74 (1st Dist. 1996), the First District Appellate Court addressed Section 4-103 explicitly. In that case, a former pretrial detainee at the Cook County Jail brought suit against then-sheriff Sheahan to recover for injuries he received from a fellow detainee, alleging that the Sheriff failed to adequately supervise the medical center. *Jefferson*, 279 Ill. App. 3d at 75. The defendant-sheriff argued that he was absolutely immune under Section 4-103. *Id*. at 76. The Court found that Section 4-103 applies to detention facilities such as the Cook County Jail and affords administrators of those facilities, such as the Sheriff, immunity for the type of allegations contained in plaintiff's Complaint, specifically, failure to adequately *provide for* and supervise the facility. *Id*., citing *Bollinger v. Schneider*, 64 Ill. App. 3d 758, 761 (3rd Dist. 1978) (emphasis added). The Court additionally held that while some sections of the Act expressly provide an exception to absolute immunity for willful and wanton conduct, Section 4-103 does not grant such an exception for willful and wanton conduct. *Id*. at 77.

In the case at bar, Plaintiff's injury allegedly stems from a broken pipe that caused a puddle of water. (Dkt. 6 at p. 2) A utility pipe, by its very nature, is a component of the jail facility. Pursuant to 745 ILCS 10/4-103, Defendants cannot be held liable. Additionally, although Plaintiff alleges that Defendant's conduct was willful and wanton, this Honorable Court must recognize that there is no exception to absolute immunity under Section 4-103 for willful and wanton conduct. Accordingly, Defendants remain immune. Therefore, Defendants are not only immune from punitive damages, but are immune wholly from suit, and Defendants' Motion to Dismiss should be granted.

Assuming *arguendo* that 745 ILCS 10/4-103 did not apply, Plaintiff's negligence claim still fails. To state a cause of action for negligence, a plaintiff must establish that the defendant owed her a duty of care, that the defendant breached that duty, and that the breach proximately caused the plaintiff's injury. *Burke v. Grillo*, 227 Ill. App. 3d 9, 15 (2nd Dist. 1992). Absent a legal duty of care owed to the plaintiff, the defendant cannot be found negligent. *Ballog v. City of Chicago*, 2012 IL App (1st) 112429, ¶ 20 (2012). Therefore, in any negligence action, the court must first determine as a matter of law whether the defendant owed a duty to the plaintiff. *Id.* ¶ 21 (quoting *Choate v. Indiana Harbor Belt R.R. Co.,* 2012 IL 112948, ¶ 34 (2012)). If no duty is owed, there can be no negligence and a plaintiff cannot recover. *Id.* ¶ 20 (citing *Washington v. City of Chicago*, 188 Ill.2d 235, 239 (1999)).

An open and obvious condition is a recognized exception to the duty of care. RESTATEMENT (SECOND) OF TORTS, § 343A (1965); *LaFever v. Kemlite Co.,* 185 Ill. 2d 380, 389 (1998); *Park v. Northeast Ill. Reg'l Commuter R.R. Corp.,* 2011 IL App (1st) 101283, ¶ 12 (2011). When a condition is open and obvious, the likelihood of injury is generally considered slight as it is assumed people encountering potentially dangerous conditions that are open and obvious will appreciate and avoid the risks. *Bucheleres v. Chicago Park Dist.*, 171 Ill. 2d 435, 456 (1996).

A condition is open and obvious where a reasonable person in the plaintiff's position exercising ordinary perception, intelligence and judgment would recognize both the condition and the risk involved. *Deibert v. Bauer Brothers Construction Co.*, 141 Ill. 2d 430, 435 (1990); *Park,* 2011 IL App (1st) 101283, ¶ 14. This is an objective standard, not a subjective one. *Prostran v. City of Chicago*, 349 Ill. App. 3d 81, 85-86 (1st Dist. 2004)(affirming summary judgment against the plaintiff because her visual disability did not absolve her of "the duty to

9

exercise ordinary care for her own safety" and the condition would have been apparent to a reasonable person under the same disability); *Sandoval*, 357 Ill. App. 3d at 1028 (whether a condition is open and obvious "depends not on plaintiff's subjective knowledge but, rather, on the objective knowledge of a reasonable person confronted with the same condition). The requirement of an open and obvious danger is not a matter of plaintiff's contributory negligence, or of the parties' comparative fault, but rather a lack of the defendant's duty owed to the plaintiff. *Choate*, 2012 IL 112948, ¶ 34. Whether a danger is open and obvious is a question of law. *Id*.

In this case, Plaintiff's complaint makes it clear that he was aware of this puddle, as it had been there for "many months and possible year." (Dkt. 6 at p. 2) In fact, Plaintiff alleges that "a number of grievances were filed" regarding this issue. (Dkt. 6 at p. 2) Therefore, by his own admission, Plaintiff was aware of this open and obvious puddle of water. Applying Illinois law, this knowledge of the Plaintiff negates any duty owed him by Defendants. As such, Defendants' motion to dismiss should be granted.

### C.     PLAINTIFF CANNOT PREVAIL ON THE THEORY OF *RESPONDEAT SUPERIOR*.

28 U.S.C. § 1983 does not provide for liability under the theory of respondeat superior. *Perkins v. Lawson,* 312 F.3d 872, 875 (7th Cir. 2002). A constitutional violation such as deliberate indifference requires personal involvement by the supervisory official. *Id.* In the case at bar, Plaintiff makes no claims that Thomas Dart had any personal involvement in any alleged constitutional violations. As such, he cannot be held liable. Additionally, 745 ILCS 10/2-109 states that "A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." Because Defendants are not liable for Plaintiff's

negligence claims under 745 ILCS 10/4-103, Tom Dart and Cook County are immune from liability. Therefore, Plaintiff's complaint should be dismissed.

Finally, assuming *arguendo* that Plaintiff has stated a valid claim of negligence against Defendants, the court should decline to exercise supplemental jurisdiction over that claim.

## CONCLUSION

WHEREFORE, for the above stated reasons, all Defendants are entitled to dismissal as a matter of law under Federal Rule of Civil Procedure 12(b)(6), and respectfully requests that the Honorable Court dismiss with prejudice Plaintiff's complaint and all claims therein against the Defendants, and to award costs and fees associated in bringing this motion.

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County

/s/ *Brian M. Casey*
Brian M. Casey
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Il 60602
(312) 603-3374

**CERTIFICATE OF SERVICE**

      BRIAN M. CASEY hereby certifies that, in accordance with Fed. R. Civ. P. 5. LR5.5 and the General Order on Electronic Case Filing (ECF), the Defendants' Motion to Dismiss Plaintiff's Complaint was served pursuant to the District Court's ECF system as to ECF filers and that I mailed a copy of the above notice, together with the documents referenced therein, to those listed below on May 26, 2015 at or before 5:00 P.M. with proper postage prepaid.

Via US MAIL:

Timothy Kimble
M-50122
Shawnee - SHW
6665 State Route 146 East
Vienna, IL 62995

                                        /s/ *Brian M. Casey*
                                        Brian M. Casey