# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY KIMBLE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14-cv-8240 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| COOK COUNTY et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Timothy Kimble, currently an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Cook County, Cook County Jail Superintendent Reyes, Cook County Sheriff Dart, and Dr. Williamson. In his Amended Complaint [6], Plaintiff alleges that he slipped and fell in a puddle of water at the Cook County Jail and that he was denied proper medical treatment for his resulting injuries. This matter is before the Court on Defendants' motion to dismiss the Amended Complaint for failure to state a claim [18]. For the reasons set forth in this order, the motion [18] is granted as to Counts II and III and denied as to Counts I and IV of Plaintiff's Amended Complaint. Defendants Reyes and Dart are dismissed from the case. Defendants Williamson and Cook County are directed to answer or otherwise plead within twenty-one days of the date of this order. This matter is set for a status/scheduling conference on February 19, 2016, at 9:00 a.m. The Court requests that defense counsel make the necessary arrangements for Plaintiff to participate in the status hearing by telephone. Among other topics, the Court will address whether it should attempt to recruit counsel to assist Plaintiff going forward in this case.

I. **Background**[1]

Plaintiff Timothy Kimble was an inmate at the Cook County Jail ("Jail") at the time of the events giving rise to this lawsuit.[2] Defendant Reyes is Superintendent of the Jail. Defendant Dr. Williamson is a staff physician for Cermak Health Services, which provides medical services at the Jail. Defendant Thomas Dart is the Sheriff of Cook County. Plaintiff also names Cook County as a Defendant for purposes of indemnification.

Plaintiff alleges the following facts, assumed to be true for purposes of the motion to dismiss: Leaking pipes caused a puddle of water to form on the floor of Plaintiff's housing unit. Over the course of many months, inmates filed a number of grievances concerning the unsafe conditions presented by the standing water. Defendant Reyes, the Superintendent of the division in question, was made aware of the problem but failed to take any action.

On October 19, 2013, Plaintiff slipped and fell in the water. He hit his head, knocking himself unconscious, and hurt his back in the fall. A nurse who happened to be in the area passing out medication called for paramedics. Plaintiff was taken to Cermak Hospital. Defendant Dr. Williamson examined Plaintiff. Dr. Williamson gave Plaintiff a shot for pain but took no further action to ascertain the extent of his injuries. The doctor ordered no x-rays or CT scans. Plaintiff returned to his housing unit still dizzy, in pain, and with a large lump on his head. Plaintiff received no follow-up care and no one at the Jail ever responded to his ensuing medical requests or grievances. To this day, Plaintiff (now a state prisoner) suffers from lingering headaches and ringing in his ears.

---

[1] For purposes of Defendants' motion to dismiss, the Court assumes as true all well-plead allegations set forth in the amended complaint. See *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

[2] Plaintiff currently is incarcerated at the Shawnee Correctional Center in Illinois.

## II. Legal Standard

It is well established that *pro se* complaints are to be liberally construed. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). The courts hold *pro se* submissions to a less stringent standard than formal pleadings drafted by lawyers. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the * * * claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); see also *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008).

To satisfy the notice pleading requirements of Rule 8(a)(2), a plaintiff need only state his basic legal claim and provide "some indication * * * of time and place." *Thomson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court assumes all factual allegations in the complaint to be true, viewing all facts—as well as any inferences reasonably drawn therefrom—in the light most favorable to the plaintiff. *Bell Atlantic Corp.,* 550 U.S. at 563; *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 556.

Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 550 U.S. at 555. While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do. *Id*. The Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). Furthermore, a plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. See, *e.g., Whitlock v. Brown*, 596 F.3d 406, 412 (7th Cir. 2010) (citations omitted) ("A judicial admission trumps evidence. This is the basis of the principle that a plaintiff can plead himself out of court.").

## III. Analysis

### A. Dr. Williamson

In Count I of his Amended Complaint, Plaintiff alleges that Dr. Williamson was deliberately indifferent to his serious medical needs in violation of the Fourteenth Amendment to the United States Constitution because, besides giving Plaintiff a shot for pain, he took no action to determine if Plaintiff was suffering from a cracked skull or concussion. [6] at 4. In their motion to dismiss [18], Defendants allege that Dr. Williamson was not deliberately indifferent to Plaintiff's medical needs because Dr. Williamson treated Plaintiff with a shot for pain. [18] at 5.

The Court denies Defendants' motion to dismiss the claim against Dr. Williamson because the Amended Complaint plausibly suggests that Dr. Williamson acted with deliberate indifference to Plaintiff's serious medical needs. Deliberate indifference has both an objective and a subjective element: the inmate must have an objectively serious medical condition, and the defendant must be subjectively aware of and consciously disregard the inmate's medical need.

4

*Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Townsend v. Cooper*, 759 F.3d 678, 689 (7th Cir. 2014). Defendants challenge only the subjective element.

The Amended Complaint supports an inference of subjective deliberate indifference. Defendants argue that because Dr. Williamson promptly treated Plaintiff with an injection of pain medication, Dr. Williamson cannot be held liable under 42 U.S.C. § 1983. It is true that neither medical malpractice nor a mere disagreement with a doctor's medical judgment amounts to deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005); see also *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012) ("Negligence—even gross negligence—is insufficient to meet this standard"). In addition, the question of whether a certain diagnostic technique or form of treatment should be prescribed "is a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107; *Dobbey v. Randle*, 2015 WL 5245003, at *8 (N.D. Ill. Aug. 26, 2015) (same). Typically, "[a] medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court[.]" *Jackson v. Kotter*, 541 F.3d 688, 698 (7th Cir. 2008) (quoting *Estelle*, 429 U.S. at 107).

Nevertheless, the fact that a prisoner has received some medical treatment does not necessarily defeat his claim; deliberate indifference to a serious medical need can be manifested by "blatantly inappropriate" treatment, *Greeno*, 414 F.3d at 654, or by "woefully inadequate action," as well as by no action at all. *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999); *Allen v. Wexford Health Sources, Inc.*, 2011 WL 2463544, at *1 (N.D. Ill. Jun. 17, 2011). The subjective element of deliberate indifference encompasses such conduct as the refusal to treat a prisoner's pain, *Jones v. Simek*, 193 F.3d 485, 490 (7th Cir. 1999), or treatment that constitutes a substantial

departure from accepted medical judgment, practice, or standards. *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011).

According to Plaintiff, Williamson made no attempt to examine him or assess the severity of his head injury. Furthermore, Plaintiff contends that multiple requests for follow-up treatment were ignored. These allegations are sufficient to state a claim against Williamson for deliberate indifference. The record will require further development concerning whether Dr. Williamson's efforts immediately following Plaintiff's fall were constitutionally adequate, as well as whether Dr. Williamson was personally and directly responsible for the alleged lack of treatment after the initial consultation. Plaintiff's motion to dismiss Count II of the Amended Complaint is denied and Dr. Williamson will remain a Defendant in this action.

**B.  Superintendent Reyes and Cook County**

In Count II of his Amended Complaint, Plaintiff alleges a state law negligence claim against Reyes based on allegations that Reyes intentionally ignored the unsafe conditions in his housing unit and ignored grievances filed by prisoners complaining of those unsafe conditions. In Count IV, Plaintiff alleges that, pursuant to the Tort Immunity Act, Cook County is liable for any judgments against Reyes or Williamson for compensatory damages. Defendants move to dismiss the claims against Reyes and Cook County on the basis of section 10/4-103 of Illinois' Local Government and Government Employees Tort Immunity Act, 745 ILCS 10/1-101 *et seq.* ("Tort Immunity Act"). The Court grants the motion to dismiss Reyes based on the Tort Immunity Act, but denies the motion to dismiss Cook County because the Tort Immunity Act does not shield Cook County from indemnification liability for Williamson's alleged violation of Plaintiff's rights under the U.S. Constitution.

6

The Tort Immunity Act "must be strictly construed against the local government entity," *Vaughn v. City of W. Frankfort*, 651 N.E.2d 1115, 1117 (Ill. 1995), and Defendants bear the burden of establishing that the Tort Immunity Act bars liability, *Van Meter v. Darien Park Dist.*, 799 N.E.2d 273, 280 (Ill. 2003). Section 10/4-103 of the Tort Immunity Act provides that "[n]either a local public entity nor a public employee is liable for failure to provide a jail, detention or correctional facility, or if such facility is provided, for failure to provide sufficient equipment, personnel, supervision or facilities therein." 745 ILCS 10/4-103. Courts interpreting Section 4-103 have found that the Illinois General Assembly intended this provision to be "absolute." *Payne for Hicks v. Churchich,* 161 F.3d 1030, 1043 (7th Cir. 1998) (citing *Jefferson v. Sheahan,* 664 N.E.2d 212, 215-17 (Ill. App. 1996)); see also *Kelderhouse v. Fox*, 2006 WL 2560855, at *4 (N.D. Ill. Aug. 31, 2006) ("Section 4-103 appears to provide both county sheriffs and public employees with absolute immunity").

Here, Plaintiff alleges that Defendant Reyes was negligent under Illinois law because he intentionally ignored the leaky pipe and puddle of water in Plaintiff's housing unit and ignored the grievances prisoners filed complaining about those conditions. These allegations seek to hold Reyes liable for an alleged "failure to provide sufficient equipment, * * * supervision, or facilities" in the Jail and, therefore, are barred by section 10/4-103. 745 ILCS 10/4-103. Plaintiff's allegation that Reyes' actions were willful and wanton (see [6] at 5) does not save his negligence claim, because section 4-103 provides immunity even where the Defendant's conduct was willful and wanton. See *Jefferson*, 664 N.E.2d at 214-15 (holding that section 4-103 did not provide exception for conduct of administrator of county facility found to be willful and wanton, and that the court could not create an exception). Therefore, the Court grants Plaintiff's motion to dismiss Count III and dismisses Reyes from the case. Cf. *Payne*, 161 F.3d at 1044-45 (pursuant to section

4-103, county and county sheriff were immune from liability for alleged failure to provide proper jail space and to protect detainees against self-inflicted harm in violation of state statutes, common law, and regulations); *Thomas v. Sheahan*, 499 F. Supp. 2d 1062, 1099-1100 (N.D. Ill. 2007) (county was immune under section 4-103 from state law claims for wrongful death, survival action, and intentional infliction of emotional distress, filed on behalf of pretrial detainee who died from meningitis and pneumonia at county jail); *M.W. v. Doe 1*, 2012 WL 3717790, at *4 (N.D. Ill. Aug. 27, 2012) (section 4-103 immunized county, county sheriffs, and county juvenile detention center from state law claims of negligent supervision, negligent infliction of emotional distress, and negligent failure to act based on allegations defendants wrongfully housed the plaintiff, a juvenile, in an adult correctional facility for three days, during which time he was allegedly abused); *Harris v. Watson*, 2014 WL 1244012, at *3 (S.D. Ill. Mar. 24, 2014) (section 4-103 immunized county and county sheriff from prisoner's negligence claim based on "allegations of deficient hiring, retention, training, supervision, and policy enforcement"); *Isaacs v. St. Clair Cty. Jail*, 2009 WL 211158, at *3 (S.D. Ill. Jan. 29, 2009) (explaining that "[t]he clear language of section 4–103 with its express reference to detentional facilities conveyed the legislature's intent to bar claims grounded upon allegations of failing to safeguard plaintiff while detained in jail" and dismissing on immunity grounds plaintiff's state law negligence claims).

The Court denies Defendants' motion to dismiss Cook County on the basis of the Tort Immunity Act. Plaintiff alleges in his indemnification claim (Count IV) that Cook County is liable for the actions of both Reyes (whom Plaintiff sues for state law negligence) and Williams (whom Plaintiff sues under Section 1983 for violation of his Fourteenth Amendment rights). While the Tort Immunity Act bars Plaintiff's negligence claim against Reyes, it provides no protection against Plaintiff's Section 1983 claim against Williamson because the Section 1983

8

claim is governed by federal, not state, law. As the Illinois Supreme Court has explained, "even if the Tort Immunity Act technically covers Section 1983 claims, a state immunity defense cannot control a federal statute." *Anderson v. Vill. of Forest Park*, 606 N.E.2d 205, 212 (Ill. App. 1992). See also *Payne*, 161 F.3d at 1038 (whether sheriff and county were entitled to immunity from § 1983 liability in action arising from arrestee's suicide was matter of federal law, and therefore federal claims against sheriff and county could not be dismissed on grounds that they enjoyed absolute immunity as matter of state law under Illinois Tort Immunity Act). As explained above, Plaintiff's Section 1983 claim against Williamson survives Defendants' motion to dismiss. The Tort Immunity Act would not shield Cook County from indemnification liability if Williamson ultimately is found liable under Section 1983. Therefore, Defendants' motion to dismiss Count IV of the Amended Complaint is denied and Cook County shall remain a Defendant in this case.

### C. Sheriff Dart

In Count III of the Amended Complaint, Plaintiff alleges a state law *respondeat superior* claim against Sheriff Dart. Plaintiff alleges that Reyes is Dart's agent and Dart is therefore liable for Reyes' actions. Defendants move to dismiss Count III on the basis that Section 1983 does not provide for liability under the theory of *respondeat superior*. The Court agrees that Count III against Dart must be dismissed.

The Seventh Circuit has made clear that "[t]he doctrine of *respondeat superior* can not be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Supervisor liability will be found only "if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it," *id.*, or "condone[s] it, or turn[s] a blind eye for fear of what [he] might see." *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010).

Here, Plaintiff alleges that Dart is responsible, based solely on the theory of *respondeat superior*, for Reyes' violation of his constitutional rights. Plaintiff does not plead any facts indicating that Dart was personally involved in—or even aware of—the alleged circumstances giving rise to this lawsuit. The Court accordingly dismisses Count III of the Amended Complaint and dismisses Dart as a Defendant in this matter.

## IV.  Conclusion

For the foregoing reasons, Defendants' motion to dismiss [18] is granted as to Counts II and III and denied as to Counts I and IV of Plaintiff's Amended Complaint. Defendants Reyes and Dart are dismissed from the case. Defendants Williamson and Cook County are directed to answer or otherwise plead within twenty-one days of the date of this order. This matter is set for a status/scheduling conference on February 19, 2016, at 9:00 a.m. The Court requests that defense counsel make the necessary arrangements for Plaintiff to participate in the status hearing by telephone. Among other topics, the Court will address whether it should attempt to recruit counsel to assist Plaintiff going forward in this case.

Dated: January 19, 2016

Robert M. Dow, Jr.
United States District Judge